**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD FIELDS JOHNSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-666** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | **SECTION: T (5)** |

## <u>ORDER AND REASONS</u>

Before the Court are a Motion to Dismiss (R. Doc. 7) and a Motion to Dismiss Amended Complaint (R. Doc. 12) filed by Defendant, Experian Information Solutions, Inc. ("Experian"). Experian's Motions seek dismissal with prejudice of all claims asserted against it by Plaintiff, Edward Fields Johnson, Jr. R. Doc. 12. Plaintiff, who is proceeding *pro se*, opposes the Motion, R. Doc. 14, and Experian has replied in support of the Motion, R. Doc. 16. Having reviewed the record, the briefs, and the applicable law, the Court finds that Experian's Motion to Dismiss (R. Doc. 7) should be **DENIED AS MOOT** and Experian's Motion to Dismiss Amended Complaint (R. Doc. 12) should be **GRANTED**.

## I.  BACKGROUND

Plaintiff, Edward Fields Johnson, Jr., filed this action on March 30, 2026, asserting claims against Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. R. Doc. 1, pp. 6. Defendant thereafter filed its initial Motion to Dismiss, R. Doc. 7, and Plaintiff filed an Amended Complaint in which he asserted additional factual allegations to support his claims, R. Doc. 11. Plaintiff's Amended Complaint alleges that, on or about May 15, 2025, Plaintiff wrote Defendant via certified mail to dispute information appearing in Plaintiff's consumer report

1

prepared by Experian. *Id.* at p. 2. Plaintiff further alleges that he mailed "additional written disputes and follow up correspondence" on June 24 and August 4. *Id.* Plaintiff claims that "[t]he dispute included identifying documentation, including a copy of Plaintiff's passport, proof of address, last four digits of Plaintiff's Social Security number, and Plaintiff's full date of birth." *Id.*

Plaintiff claims that his dispute correspondence "identified disputed information appearing in [his] consumer report, including disputed tradelines, disputed inquiries, and inaccurate identifying information." *Id.* Specifically, Plaintiff alleges that he disputed the reporting of four addresses which were not associated with him, two telephone numbers not associated with him, relationship information identifying "IOLANDA" as a spouse or co-applicant, "certain hard inquiries that [he] alleges he did not authorize," and "certain negative tradelines . . . including accounts [he] alleged were inaccurate, unverifiable, or continued to be reported despite written disputes." *Id.* at pp. 2-3.

Plaintiff further alleges that, following Defendant's receipt of these communications, "certain disputed tradelines were later modified or removed from Plaintiff's consumer report, while other disputed information continued to be reported." *Id.* at p. 3. As a result of Defendant's conduct, Plaintiff claims that he suffered credit-related harm, time expenditure, financial disruption, and emotional distress. *Id.* Specifically, he alleges "adverse credit-related consequences, including denial of probate bond applications." *Id.*

Plaintiff's Amended Complaint raises claims against Experian under two sections of the FCRA. *Id.* at pp. 3-4. First, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681i by "fail[ing] to conduct a reasonable reinvestigation" into disputed information associated with Plaintiff's consumer file. *Id.* Second, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681e(b) by "fail[ing] to follow reasonable procedures to assure maximum possible accuracy of information

reported concerning Plaintiff" and continuing to report disputed information despite notice of inaccuracies. *Id.* at p. 4.

Defendant's Motion to Dismiss Plaintiff's Amended Complaint argues that the Amended Complaint fails to state a claim upon which relief can be granted because inaccurate addresses, telephone numbers, and relationships "are simply not actionable under the FCRA." R. Doc. 12-1, p. 1; R. Doc. 12. Defendant additionally argues that, to the extent Plaintiff attempts to allege inaccuracies related to Plaintiff's creditworthiness, which are actionable under the FCRA, the Amended Complaint "fails to satisfy the basic elements of an FCRA claim." *Id.* at pp. 1-2.

Plaintiff has filed an opposition to Defendant's Motion, arguing that he has alleged sufficient facts to state plausible claims for violations of the FCRA and that granting the Motion would require resolution of factual disputes and credibility determinations that are not appropriate at the Rule 12(b)(6) stage. R. Doc. 14, p. 1. Specifically, Plaintiff contends that he has identified specific categories of disputed information and the timing of his disputes, and he argues that "[a]t the pleading stage, [a plaintiff] is not required to prove inaccuracy, only to allege facts supporting a plausible inference that disputed information in his file was inaccurate or not properly verified after dispute."[1] *Id.* at pp. 2-3. Plaintiff additionally maintains that his claims are "not based solely upon disputed personal identifying information" because he also "disputed inquiries, tradeline-related reporting, and other information appearing within his consumer file." *Id.* at p. 3.

Replying in support of its Motion, Defendant first argues that Plaintiff's opposition confirms that the Amended Complaint identifies no inaccuracy. R. Doc. 16, pp. 1-2. Defendant contends that Plaintiff uses the word "disputed" as a substitute for "inaccurate," but because the

---

[1] Plaintiff appears to reason that, because the Court must accept Plaintiff's factual allegations as true, questions regarding whether the disputed information was inaccurate may not be resolved on 12(b)(6) motion. *See* R. Doc. 14, p. 5.

two words are not synonyms, Plaintiff's allegation of a "dispute" does not equate to an allegation of an "inaccuracy." *Id.* Additionally, responding to Plaintiff's assertion that he is not required to *prove* an inaccuracy at this stage, Defendant agrees that proof is not required but notes that the *allegation* is required. *Id.* at p. 2. Defendant also highlights caselaw demonstrating that "[c]ourts have consistently held that a plaintiff's broad assertion of inaccuracy—without identifying why information is wrong—reflects only a subjective belief insufficient to support an FCRA claim." *Id.* Next, Defendant argues that Plaintiff's claims under Sections 1681i and 1681e(b) of the FCRA are deficient because the Amended Complaint merely recites the statutory elements in conclusory fashion without identifying any alleged inaccuracies.[2] *Id.* at pp. 3-5. Defendant further contends that Plaintiff's argument concerning factual disputes and credibility determinations at the Rule 12(b)(6) stage is misplaced because Experian is not asking the Court to resolve a factual dispute but rather to recognize that no factual dispute has been pled. *Id.* at p. 5. Finally, Defendant argues that granting Plaintiff leave to amend his complaint would be futile because "it is apparent that there is no factual scenario under which Plaintiff can allege a claim, and allowing further amendment would only serve to delay these proceedings to Defendant's prejudice." *Id.* at pp. 5-6. Defendant's Motions are now submitted to the Court.

## II.  LAW AND ANALYSIS

### a.  *Motion to Dismiss Standard Under Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a complaint based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient

---

[2] Defendant further argues that, "even if Plaintiff had identified an inaccuracy, he has not alleged how any such inaccuracy resulted from Experian's failure to follow reasonable procedures—an independent requirement." R. Doc. 16, p. 5 (citing *Drummond v. Equifax Info. Servs., LLC*, No. 5:20-CV-1352-DAE, 2021 WL 8055631, at *4 (W.D. Tex. July 14, 2021)).

4

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings, *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004), and the documents attached to the complaint, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

The court's review must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Additionally, courts may not rely on "legal conclusions that are disguised as factual allegations." *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

### b. *Defendant's Initial Motion to Dismiss (R. Doc. 7)*

Defendant's first Motion to Dismiss (R. Doc. 7) seeks dismissal of the claims raised in Plaintiff's original Complaint, which has since been superseded by an Amended Complaint.[3] *See* R. Docs. 9, 10, 11. Because the Amended Complaint contains different factual allegations regarding Plaintiff's FCRA claims, *see* R. Doc. 11, Defendant's arguments raised in its initial Motion to Dismiss are moot. Accordingly, the Court will deny Defendant's initial Motion to Dismiss (R. Doc. 7) as moot.

### c. *Defendant's Motion to Dismiss Amended Complaint (R. Doc. 12)*

Defendant's second Motion to Dismiss seeks dismissal of the two claims raised under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., in Plaintiff's Amended Complaint. R. Doc. 12, p. 1. The FCRA "regulates the consumer reporting agencies that compile and disseminate personal information about consumers," *Trans Union LLC v. Ramirez*, 594 U.S. 413, 418 (2021), and aims "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy," *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "Consumer reporting agencies ("CRAs") have an obligation under the [FCRA] to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *Roybal v. Equifax*, No. 2:05CV1207, 2006 WL 902276, at *1 (E.D. Cal. Apr. 4, 2006) (citing 15 U.S.C. § 1681e(b)). "A consumer can bring a civil action against a credit reporting agency for negligent or willful violations of its statutory obligations [under the FCRA]." *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 285 (5th Cir. 2025) (citing

---

[3] Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Here, Defendant filed its initial Motion to Dismiss, pursuant to Rule 12(b)(6), on May 13, 2026. R. Doc. 7. On May 17, Plaintiff filed a motion for leave to file an Amended Complaint, which the Court granted, as Plaintiff sought to amend his Complaint well within 21 days of service of a motion under Rule 12(b). R. Docs. 9, 10.

15 U.S.C. §§ 1681n-1681o). Here, Plaintiff alleges that Defendant has violated Section 1681i and Section 1681e(b) of the FCRA. R. Doc. 11, pp. 3-4. The Court now considers whether Plaintiff has stated a plausible claim under each section..

First, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681i by "fail[ing] to conduct a reasonable reinvestigation" into disputed information associated with Plaintiff's consumer file. R. Doc. 7, pp. 3-4. "Section 1681 sets forth the procedures a consumer reporting agency must follow when a consumer disputes the accuracy of information in the consumer's file." *Reyes*, 140 F.4th at 285. "A consumer file is composed of 'all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.'" *Id.* (quoting 15. U.S.C. § 1681a(g)). "Generally, an item of information is 'inaccurate' within the meaning of the FCRA 'either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"[4] *Id.* (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

> Section 1681i provides that, upon receiving notice that a consumer disputes "the completeness or accuracy of any item of information" in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." In conducting its reinvestigation, the agency must "review and consider all relevant information submitted by the consumer" regarding the disputed information. Within 30 days of notice of the dispute, the consumer reporting agency must either record the current status of the disputed information in the consumer's file, or delete or modify the disputed item of information if it is "inaccurate or incomplete or cannot be verified." "If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." The consumer reporting agency must include this statement, or a summary of the dispute, with the disputed information in future consumer reports.

*Id.* (internal citations omitted).

---

[4] "A credit report contains inaccurate information if it is 'factually incorrect, objectively likely to mislead its intended user, or both.' " *Thomas v. Transunion, LLC*, No. 21-2231, 2022 WL 1288733, at *3 (E.D. La. Apr. 29, 2022) (quoting *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020)).

Second, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681e(b) by "fail[ing] to follow reasonable procedures to assure maximum possible accuracy of information reported concerning Plaintiff" and continuing to report disputed information despite notice of inaccuracies. R. Doc. 7, p. 4. Section 1681e(b) provides, "Whenever a consumer reporting agency prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To recover for a claim under this section of the FCRA, a plaintiff must prove: "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of plaintiff's injury." *Burches v. Equifax Info. Servs., LLC*, No. CV 25-804, 2026 WL 1413072, at *4 (E.D. La. May 20, 2026) (quoting *Iraheta v. Equifax Info. Servs., LLC*, No. 5:17-cv-1363, 2018 WL 3770295, at *3 (W.D. La. 2018)).

"A threshold requirement for a plaintiff asserting claims pursuant to either § 1681e(b) or § 1681i is establishing that there was an inaccuracy in the information the defendant [credit reporting agency] reported." *Brown v. Epic Fed. Credit Union*, No. CV 25-1902, 2026 WL 1847501, at *6 (E.D. La. June 26, 2026) (citing *Reyes*, 140 F.4th at 286; *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020)). *See also Burches*, 2026 WL 1413072 at *4 ("The threshold question [on a motion to dismiss] under both § 1681e(b) and § 1681i is whether the plaintiff's consumer reports contained inaccurate information."); *Reyes*, 140 F.4th at 286-89 (joining other circuits "in concluding that inaccuracy is a threshold requirement for § 1681i claims").[5] "Additionally, to be actionable under the FCRA, an alleged inaccuracy reported by a

---

[5] In *Reyes*, the Fifth Circuit reasoned that "reading § 1681i(a)(5)(A) to require the deletion of debt information because of inaccuracies which 'cannot be verified' until all legal disputes are fully adjudicated would frustrate the FCRA's

CRA must be 'sufficiently objectively verifiable.'" *Burches*, 2026 WL 1413072 at *4 (quoting *Reyes*, 140 F.4th at 288). "[A] plaintiff does not state a claim based on conclusory assertions of inaccuracy" but instead must "set forth facts specifying exactly what errors are reflected in the reports as well as the dates and circumstances surrounding the purported errors [and] specific factual allegations regarding the credit reporting agencies' procedures or violations of the FCRA." *Damond v. Experian Info. Sols., Inc.*, No. CV 25-1570, 2025 WL 3980883, at *14 (E.D. La. Dec. 12, 2025), *report and recommendation adopted*, No. CV 25-1570, 2026 WL 78127 (E.D. La. Jan. 9, 2026).

Recently, another section of this Court considered whether a plaintiff had sufficiently stated claims pursuant to Section 1681e(b) of the FCRA in *Burches v. Equifax Information Services*. *Id.* at *1-4. First, the *Burches* plaintiff alleged that defendant Trans Union had violated Section 1681e(b) when it "repeatedly published and maintained inaccurate, contradictory, fraudulent, and mixed-file information, including a false Discover/Capital One tradeline." *Id.* at *5. Specifically, the plaintiff's complaint alleged that an account originally reported under Discover Financial Services ("Discover") was still labeled as a Discover account, despite Discover allegedly transferring the account to Capital One. *Id.* The plaintiff further alleged that his credit record erroneously reflecting two different creditors associated with the same account "caus[ed] confusion and mixed-file contamination." *Id.* The Court noted that these inaccuracies were not based on legal disputes, such as the validity of the debt, but were "sufficiently objectively verifiable" and therefore "sufficient, at the pleading stage, to plausibly allege an inaccuracy in the Trans Union credit reports." *Id.* However, the Court found that the plaintiff's remaining allegations concerning inaccuracies were conclusory because he "[did] not sufficiently allege what is

---

goal of ensuring 'fair and accurate credit reporting.'" *Reyes*, 140 F.4th at 288-89.

inaccurate about the reported information." *Id.* Specifically, the Court reasoned that, while the plaintiff generally alleged inaccuracies such as the "date opened, balance, account status, payment history, charge-off information, and creditor name," he "[did] not sufficiently allege *which* furnisher provided the information, the specific information in the report that is inaccurate, or why it is inaccurate." *Id.* Finding the plaintiff's allegations to consist of " 'naked assertion[s]' devoid of 'further factual enhancement[,]' " the Court concluded that he had failed to state a claim as to these additional alleged inaccuracies and only allowed the 1681e(b) claim with respect to the Discover/Capital One tradeline to proceed. *Id.*

Likewise, in *Damond v. Experian Information Solutions, Inc.*, the Court considered whether another plaintiff had sufficiently stated claims pursuant to Section 1681i of the FCRA. *Damond*, 2025 WL 3980883, at *13-16. There, the plaintiff sued multiple CRAs, alleging that they "negligently and/or willfully failed to reasonably investigate disputed items in violation of § 1681i and failed to maintain accurate procedures in violation of § 1681e(b)." *Id.* at *16. Because the plaintiff's complaint failed to identify with specificity "each alleged inaccuracy, the date he disputed each alleged inaccuracy, the result of any investigation or re-investigation or any procedures employed by Defendants," he failed to state a cause of action under either section of the FCRA. *Id.*

Applying these principles to the instant matter, the Court concludes that Plaintiff has not plausibly alleged the threshold element of an actionable inaccuracy. Plaintiff's Amended Complaint lacks certain factual allegations necessary for the Court to be able to reasonably infer that Plaintiff reported an actionable inaccuracy, even when viewing the allegations as true and in the light most favorable to Plaintiff. The alleged inaccuracies reported by Plaintiff can be divided into three categories, and each fails to state an actionable claim for the reasons discussed below.

First, Plaintiff's allegations regarding the reporting of allegedly inaccurate addresses, telephone numbers, and relationship information, *see* R. Doc. 11, pp. 2-3, are not actionable under the FCRA. District courts throughout the country have regularly held that "[p]ersonal identifying information does not constitute a consumer report and is instead generally nonactionable 'header information' . . . because it 'does not typically have any bearing on a consumer's creditworthiness." [6] *Yarbrough v. Experian Info. Sols., Inc.*, No. 5:25-CV-1194-HDM, 2026 WL 1387414, at *3 (N.D. Ala. May 18, 2026) (quoting *Gray v. Experian Info. Sols., Inc.*, No. 8:23-cv-981, 2023 WL 6895993, at *3 (M.D. Fla. Oct. 19, 2023)). *See also  Perez v. Experian*, No. 20CV9119PAEJLC, 2021 WL 4784280, at *9 (S.D.N.Y. Oct. 14, 2021) ("[Plaintiff]'s allegations regarding his address changes and gender do not state a claim for inaccurate information under the FCRA as a matter of law."), *report and recommendation adopted*, 2021 WL 5088036 (S.D.N.Y. Nov. 2, 2021); *Ali v. Vikar Mgmt., Ltd.*, 994 F. Supp. 492, 497 (S.D.N.Y. 1998) ("[N]o restriction is put on the use of information that is not a 'consumer report' as defined by 15 U.S.C. § 1681a(d)(1). Address information on a consumer, for example, is not a consumer report because it is not information that bears on any of the characteristics described in 15 U.S.C. § 1681a(d)(1)."); *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007) ("Congress, it seems, chose to limit the right to contest information to material actually contained in consumer reports."); *Cortez*

---

[6] As defined by the FCRA, a "consumer report" communicates information "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for credit, insurance, and employment, or for certain other limited purposes. 15 U.S.C. § 1681a(d)(1). Thus, the cited case law reasons that personal identifying information does not constitute part of a consumer report and a CRA's inaccurate reporting of such information is generally nonactionable.

However, courts have also cautioned that personal identifying information *may* support a claim under the FCRA in certain unique circumstances. "For example, a list of names and addresses prepared by the CRA and sold for marketing to consumers who meet certain criteria (targeted marketing list) is considered a consumer report." *Gray v. Experian Info. Sols., Inc.*, No. 8:23-cv-981, 2023 WL 6895993, at *3 (M.D. Fla. Oct. 19, 2023) (citing *Trans Union Corp. v. FTC*, 81 F.3d 228, 230 (D.C. Cir. 1996)). Additionally, the FCRA imposes liability upon defendants who obtain any information—not just information that comprises a consumer report—from a CRA under false pretenses. *See* 15 U.S.C. §1681q (referring to "information" on a consumer rather than a "consumer report").

11

*v. Trans Union*, 617 F.3d 688, 711-12 (3d Cir. 2010) (discussing *Gillespie* and noting that actionable information must be "more than a mere internal record-keeping mechanism").

Here, Plaintiff alleges only that certain personal identifying information in his consumer report was inaccurate. R. Doc. 11, p. 2. He does not allege facts demonstrating that the challenged "header information" constitutes information "bearing on [his] credit worthiness, credit standing credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used . . . for the purpose of . . . establishing the consumer's eligibility" for credit, insurance, employment, or any other purpose defined by the 15 U.S.C. § 1681a(d)(1). Because the Amended Complaint does not allege an actionable inaccuracy with respect to his personal identifying information, Plaintiff's allegations concerning inaccurate "header information" fail to state a claim under the FCRA.

Second, Plaintiff's Amended Complaint refers, without specificity, to "certain negative tradelines" that were inaccurate, unverifiable, or continued to be reported despite his disputes. R. Doc. 11, p. 3. However, like the allegations the Court found insufficient in *Burches*, this allegation is conclusory because Plaintiff has not alleged what, exactly, is inaccurate about these tradelines. Specifically, Plaintiff does not identify the disputed tradelines, identify which furnisher provided the information, allege a particular inaccuracy, or explain why the information is inaccurate. Additionally, while Plaintiff does appear to identify the dates he disputed some inaccuracies when he states that he mailed written disputes on or about May 15, June 24, and August 4, 2025, R. Doc. 11, p. 2, his Amended Complaint, like the complaint in *Damond*, fails to identify each alleged inaccuracy with specificity. Moreover, Plaintiff alleges that "certain disputed tradelines were later modified or removed . . . while other disputed information continued to be reported." *Id.* at p. 3. However, the Amended Complaint never identifies exactly which "disputed information" remains

or explains why it is inaccurate. Accordingly, Plaintiff has failed to state a claim under the FCRA with respect to these "certain negative tradelines."

Third, Plaintiff alleges that he disputed "certain hard inquiries" that he did not authorize, "including inquires associated with CONTINENTALFINANCE/TBOM and STEPHEN L BRUCE PC." R. Doc. 11, p. 3. Although Plaintiff identifies these two alleged inaccuracies by name, he alleges only that he did not authorize them. That allegation, standing alone, does not permit the Court to reasonably infer that Defendant inaccurately reported the existence of those inquiries. The Amended Complaint contains no factual allegations explaining why Defendant's reporting of these inquiries was inaccurate or otherwise demonstrating that their reporting constituted an actionable inaccuracy under Sections 1681e(b) or 1681i. Courts have consistently held that a plaintiff's broad assertion of inaccuracy, without identifying why the information is inaccurate, reflects only a subjective belief insufficient to support an FCRA claim. *Barakat v. Equifax Info. Servs., LLC*, No. 16-10718, 2017 WL 3720439, at *3 (E.D. Mich. Aug. 29, 2017); *Gomez v. EOS CCA*, No. CV-18-02740-PHX-JAT, 2020 WL 3271749, at *3 (D. Ariz. June 17, 2020); *Bailey v. Equifax Info. Servs., LLC*, No. 13-CV-10377, 2013 WL 3305710, at *5 (E.D. Mich. July 1, 2013); *Elsady v. Rapid Global Bus. Solutions, Inc.*, No. 09-CV-11659, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010). Because Plaintiff fails to allege why the hard inquiries are inaccurate, the Court finds his allegations concerning these alleged inaccuracies to be insufficient to state a claim under the FCRA.

For these reasons, Plaintiff's Amended Complaint fails to sufficiently allege an underlying inaccuracy that is actionable under either Section 1681i or 1681e(b) of the FCRA, and the claims must be dismissed. Additionally, because Plaintiff has failed to plausibly allege a violation of any substantive portion of the FCRA, his claim for willful noncompliance under Section 1681n of the

13

FCRA likewise fails. Accordingly, the Court will GRANT Defendant's Motion to Dismiss the Amended Complaint and dismiss Plaintiff's claims in the instant matter.

### d. *Availability of Amendment*

Additionally, Plaintiff asks that, should the Court grant Defendants' Motion to Dismiss, it dismiss the underlying claims without prejudice and allow him to file an amended pleading. R. Doc. 14, p. 6. Defendant, on the other hand, asks the Court to not allow Plaintiff to further amend his complaint. R. Doc. 12-1, p. 10. Defendant reasons that, because Plaintiff was already given an opportunity to file an Amended Complaint and failed to plead a plausible claim for relief, an additional attempt at amendment would be futile. *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962) (enumerating factors which allow for denial of a motion to amend, including futility of amendment)). Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As noted by another section of this Court,

> Generally, before dismissing a *pro se* complaint under Rule 12(b)(6), unless amendment would be futile, the court should give the plaintiff notice of the complaint's deficiencies and an opportunity to amend. . . . Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing. When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.

*Damond*, 2025 WL 3980883, at *13 (citations omitted). Here, Plaintiff was granted leave to file an Amended Complaint shortly after Defendant filed its initial Motion to Dismiss. However, before the issuance of this Order and Reasons, the Court had not yet provided Plaintiff notice of his pleading deficiencies, and there is no evidence that Plaintiff is either unwilling or unable to amend his complaint in a manner that will avoid dismissal. Thus, the Court will permit Plaintiff one additional opportunity to amend his claims under Sections 1681i and 1681e(b) to cure the pleading deficiencies identified herein.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (R. Doc. 7) filed by Defendant, Experian Information Solutions, Inc. ("Experian") is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Experian's Motion to Dismiss Amended Complaint (R. Doc. 12) is **GRANTED**, and that Plaintiff's claims under 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b) are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint within twenty-one (21) days of the entry of this Order to cure the deficiencies identified herein. Failure to timely amend may result in dismissal of this action with prejudice.

New Orleans, Louisiana, this 13th day of August 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE